Cwia, per

O’Neall, J.
The former decision in this case settled. that, on the indorsement of a note negotiated after due, the question of reasonable diligence in making a demand of payment from the maker, and giving notice of such demand to the indorser, was one of fact, and ‘‘ must always be left to the jury.” It would be enough to say, in answer to the motion for non-suit, there was some evidence of both demand and notice — enough, it seemed, to satisfy the jury of both facts. ' So, too,, the motion for a new trial might be answered, by saying that the question of diligence was, in exact conformity to the decision of the Court of Appeals, previously made in this case, left to the jury. But it is perhaps due to the learned counsel for the motion, and to his ingenious argument, that the case should be a little more fully considered.
According to our cases of Eccles vs. Ballard, 2 McC. 388 ; Barrett vs. May, 2 Bail. 1 ; Benton vs. Gibson, 1 Hill, 56, the indorser of a note after due, is to be regarded *74 either as the guarantor of its payment, or as the drawer of a new bill. Both stand upon the same principles, and it is hardly necessary to distinguish in what precise character he is to be charged. I am, however, prepared to go much farther, and to hold that the indorser of a note negotiated after due, is to be regarded either as a new maker, or as the drawer of a bill on a man without funds, (the maker who has failed to pay) in neither of which cases is a demand of payment or notice at all necessary. But a majority of the court is not as yet prepared to go so far.
The rule stated in Benton vs. Gibson, that there must be a demand of payment from the maker, and notice to the indorser, either actual or constructive, within a reasonable time, in order to make the indorser of a note, negotiated after due, liable, received the sanction of this court in Chadwick vs. Jeffers, 1 Rich. 397 ; and also in this very case when it was before this court at a former term.
In Benton vs. Gibson and Chadwick vs. Jeffers, it was very properly held, that an action at law against the maker, was, itself, a sufficient demand of payment from the maker and if brought in reasonable time, and the indorser knew of the institution of the action, either at its commencement or immediately after it, it would be enough to charge hi m. In this case the action was brought to the first term after the indorsement. That was certainly in reasonable time, and if the indorser had been sued the next day after the institution of that action, it seems to be conceded that it might have furnished sufficient evidence of demand and notice, to have justified the jury in finding both. For then it is said that the jury might have inferred, in the lapse of a day, that the indorser might have been informed of the action against the maker. But where the actions against the maker and indorser are simultaneously commenced, it is supposed that there can be no inference of knowledge of demand and non-payment before suit against him. But I do not perceive the difficulty. The actions against the maker and indorser carry with them the presumption of previous defaults in both. This might justify the jury, in a case like the present, in concluding that there had been *75 a demand of payment, and notice before suit brought. But one writ must be lodged before the other — it may be, and the jury might conclude, that it was the writ against the maker which was first lodged, and then, in the same instant of time, the indorser was informed before the writ against him was lodged. But I regard the actions against the maker and indorser, as constructive demand and notice. They are exactly like the case of an action on a note payable on demand; the writ is regarded as the demand, and as having constructively that effect to precede and support the action.
In this case, the maker and indorser lived within a very short distance of one another ; and that fact, with the institution of the suits, might, although slight evidence (if the actions have not the constructive effect which I have suggested) justify the jury in finding demand and notice. In a case where the justice is so manifestly with the plaintiff, the court will, even upon very slight evidence, sustain the verdict.
The motions are dismissed.
Evans, Wardlaw and Frost, JJ. concurred.
Richardson and Butler, JJ. absent at the argument.